IN THE COURT OF APPEALS
FOR THE TWELFTH DISTRICT OF TEXAS
AT TYLER

--------------------

No. 12-14-00016-CV

--------------------

JUAN ENRIQUEZ,
Appellant,

v.

RICK THALER,
Appellees.

--------------------

FILED IN COURT OF APPEALS
12th Court of Appeals District
JUN 11 2015
TYLER TEXAS
CATHY S. LUSK, CLERK

APPELLANT'S SUPPLEMENT TO PENDING MOTION TO
ABATE APPEAL FOR LACK OF FINAL JUDGMENT

TO THE HONORABLE JUDGES OF SAID COURT:

Juan Enriquez, Appellant, supplements his pending motion to abate appeal for lack of final judgment due to the dismissal order being a judgment nisi which confiscated funds without the process due with the need to abate this appeal to allow an essential record to this appeal be included in the record.

I.

The lead issue in this appeal is that the district court our of Travis County did not have statutory authority to transfer this case to Anderson County because Section 15.019, Tex.Civ.Prac. & Rem. Code, the Inmate Venue Statute has a Savings Clause that precludes the application of the statute to causes of action that accrued prior to 1995, the year the statute was enacted. The claim involved is the ongoing tort of racial segregation and racial discrimination which existed by statute when Appellant was placed in prison in 1972. The claim is not subject to challenge

in venue proceedings. The transfer order is a nullity.

## II.

The hearing of the motion to transfer venue on February 6, 2013, was recorded. A copy of the February 6, 2013, hearing is attached in support of this motion. The hearing judge, the reporter of the hearing, and the Travis County district clerk all refused to produce this record to this Court or to provide it to Appellant so that he could make it a part of the record. The subject record, however, was made available to defendant prison officials and was presented to this Court as an Appendix to Appellees' Brief. This Court, however, ordered the record stricken and overruled Appellant's motion to make the Appendix to Appellees' Brief a part of the record. The result is that an essential part of the record is not before this Court because officials in Travis County in essence interfered with the administration of justice by refusing to produce a record that reflects a specific disregard of Texas statutes.

## III.

The district clerk of Anderson County has demonstrated that she will not cooperate with the filing of a proper record. It took an order from this Court for the dismissal hearing to be made a part of the record.

WHEREFORE, PREMISES CONSIDERED, Appellant prays that the Court abates this appeal and instructs the Anderson County district clerk to supplement the record with a copy of the Reporter's Record of the February 6, 2013, motion to transfer

venue hearing.

Respectfully submitted,

Juan Enriquez
227122
TDCJ-Michael
2664 FM 2054
Tennessee Colony, TX 75886

## Certificate of Service

I, Juan Enriquez, certify that a correct copy of the foregoing supplement to motion to abate was served by placing same in the United States mail, postage prepaid, on June 3, 2015, addressed to Briana Webb, Assistant Attorney General, P. O. Box 12548, Capitol Station, Austin, TX 78711.

Juan Enriquez

## Mailbox Rule Filing Verification

I, Juan Enriquez, declare under penalty of perjury, that the foregoing supplement to motion to abate was filed on June 3, 2015, by placing same in the Institutional Mail System, first class mail, postage prepaid, addressed to Clerk, Twelfth Court of Appeals, 1257 West Front Street, Suite 354, Tyler, TX 75702. Executed on June 3, 2015.

Juan Enriquez

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUMES
TRIAL COURT CAUSE NO. D-1-GN-12-000398
APPELLATE COURT CAUSE NO. 12-14-00016-CV

| | | |
|---|---|---|
| JUAN ENRIQUEZ | ) | IN THE DISTRICT COURT |
| | ) | |
| vs. | ) | TRAVIS COUNTY, TEXAS |
| | ) | |
| RICK THALER, ET AL | ) | 126TH JUDICIAL DISTRICT |

---

## MOTION FOR CONTINUANCE

MOTION TO TRANSFER VENUE

---

On the 6th day of February, 2013, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable Orlinda Naranjo, Judge Presiding, held in Austin, Travis County, Texas.

Proceedings reported by computerized stenotype machine.

**APPEARANCES**


JUAN ENRIQUEZ, MOVANT, PRO SE


COUNSEL FOR THE RESPONDENT:
RACHAEL OSAZE-EDIAE
SBN: 24068148
Office of the Attorney General
P.O. BOX 12548
AUSTIN, TX 78711
Phone: (512) 463-2080

VOLUME 1

Motion for Continuance/Motion to Transfer Venue

February 6, 2013

                                                    PAGE VOL

Motion for Continuance ............................4      1

Court's Ruling ..................................11      1

Motion to Transfer Venue ........................11      1

Court's Ruling ..................................24      1

Reporter's Certificate ..........................26      1

PROCEEDINGS

February 6, 2013

Telephonic Conference

THE COURT:  Is this Mr. Enriquez?

MR. ENRIQUEZ:  Yes, Juan Enriquez here at the Michael Unit.

THE COURT:  Okay.  Ms. Enriquez, this is Judge Orlinda Naranjo, and I am going to be hearing this matter.

Let me call the case and then counsel will have you identify yourself for the record, okay?

And, Mr. Enriquez, if at any time you cannot hear us, or counsel, let me know.  I've got the volume on pretty high.  And it should be picking her up, but if not, I'll have her get closer to the bench.  Right now she's at the table, all right?

MR. ENRIQUEZ:  Okay.

THE COURT:  All right.  Let me formally call the case.  The Court will call Cause No. D-1-GN-12-000398, Juan Enriquez vs. Rick Thaler, et al.

Counsel, if you'll make your announcement for the record.

MS. OSAZE-EDIAE:  Rachael Osaze-Ediae here on behalf of the defendants through the Attorney

General's office.

THE COURT:  And would you spell your last name for the record?

MS. OSAZE-EDIAE:  O-S-A-Z-E, hyphen, E-D-I-A-E.

THE COURT:  All right.

And, Mr. Enriquez, you are proceeding pro se; is that correct?

MR. ENRIQUEZ:  Yes, ma'am.  I'm here at the Michael Unit up in Anderson County.

THE COURT:  Okay.  All right.  All right.  Ms. Thaler [sic], do you have a copy of your motion for the Court?

MS. OSAZE-EDIAE:  Yes, I do, Your Honor.

THE COURT:  Could you bring that to me, please?

MS. OSAZE-EDIAE:  I have a handwritten note on it.

THE COURT:  All right.  My understanding is this is your defendant's motion; is that correct?

MS. OSAZE-EDIAE:  Yes, Your Honor.

THE COURT:  All right.  Counsel, you may proceed.

MR. ENRIQUEZ:  Judge, may I interpose a motion for continuance right here?

MS. OSAZE-EDIAE:  May I respond to that, Your Honor?

THE COURT:  Hold on.  Hold on.

Mr. Enriquez, have you filed a written motion for continuance?

MR. ENRIQUEZ:  Well, I mailed it.  Do you want the grounds?  But I did send the motion in.

THE COURT:  Okay.  You did.

Let me just pull it up.  Let's see, hold on, Mr. Enriquez.  I need to pull up the docket sheet, okay?

All right.  So it was sent to the Court, as well as to counsel?

MR. ENRIQUEZ:  Yes, yes, I did it.  It was a simple request for continuance because I was just notified of this hearing about two weeks ago, something like that.

THE COURT:  All right.  I will let -- let me -- Mr. Enriquez, you may go ahead and state your motion for continuance, and then I'll listen to counsel's position on it.

I'm assuming, Counsel, you're opposing the continuance?

MS. OSAZE-EDIAE:  Yes, Your Honor.

THE COURT:  Okay.

MS. OSAZE-EDIAE:  I did not receive a copy of that.

THE COURT:  All right.  But I'll let Mr. Enriquez state his motion for continuance.

Let me see if I see it.

MR. ENRIQUEZ:  It was just sent last -- we had a hearing here last week, and I just mailed it then.

THE COURT:  I don't see it.  Do you have the date that you sent it?

MR. ENRIQUEZ:  I believe the hearing was on last Tuesday, I believe it was.

MS. OSAZE-EDIAE:  No.  It was February 1st, which was last Friday.

THE COURT:  February 1st.

MR. ENRIQUEZ:  Okay.  That's right.

THE COURT:  I only see some -- let's see.  I don't see anything scanned or in the Court's file as it relates to a motion for continuance.  But let me -- I'll let you state your motion for the record.  Go ahead.  But, Counsel, and I'll let her state her position as to not getting it, et cetera.

Go ahead, Mr. Enriquez.

MR. ENRIQUEZ:  Okay.  The complaint was filed February 13th, 2012.  And the answer and the motion to transfer were filed June 18th, 2012.

I'm entitled to at least a minimum of 14 days' notice of the hearing, because there are certain time limits on my sleeve when I respond to her motion. And now that the hearing is set, that's why I brought that up right away.

THE COURT: All right. And your response, Counsel?

MR. ENRIQUEZ: That was my first point.

THE COURT: Okay. All right. What's your second point?

MR. ENRIQUEZ: And the second point is that I need -- from what she's alleging, I need to conduct venue discovery. I'm entitled to a reasonable time to do that.

I may not have -- the venue motion does not stop discovery at all. And I'm entitled, at the very minimum, to have venue discovery to defend against her motion and to prepare for a venue -- for a transfer hearing.

And those are the two points.

THE COURT: All right.

MR. ENRIQUEZ: And I contend that the two weeks is not -- it's insufficient time in light of my circumstances to conduct that discovery.

THE COURT: All right. Counsel?

MS. OSAZE-EDIAE: Your Honor, defendants

oppose this motion for a continuance for two reasons. Excuse me, three reasons.

The first reason is that when we had the hearing on February 1st, last Friday, at the conclusion of that hearing, I asked Mr. Enriquez on the record if he received notice and if he was ready to move forward on the motion to transfer venue in this case. He replied yes. And he said: In fact, you sent me five notices. So I am -- I did receive notice of this hearing, and I'll be ready to proceed on that case.

Secondly, Your Honor, I did not receive a motion for continuance. And this is just another stalling tactic on Mr. Enriquez. I have five of his pending lawsuits, and every time we come to a hearing he either does a motion for continuance or a motion to recuse the judge. So this is just another way for him to delay this proceeding to proceed forward in this case.

And finally, Your Honor, the Texas Rules of Civil Procedure Rule 87 says except on leave of Court each party is entitled to at least 45 days' notice of hearing for the motion to transfer venue. So with leave of the Court, we could have it sooner than 45 days.

He was first notified about this hearing at the beginning of January. And then the Court sent

him a letter on January 16th, 2013. And I subsequently did send him three more notices weekly since January 16th. So he has over nearly -- he's had 45 days' notice of this hearing.

### COURT'S ORDER

THE COURT: Okay. Motion will be denied.

We'll hear the motion for continuance -- I mean, the motion to transfer venue.

MR. ENRIQUEZ: Okay, Judge, I've got a problem here. The case law I just read says this petition is subject to mandamus. So could we continue now to give me time to apply to the Court of Appeals for a ruling on this decision? To me, the law seems pretty clear.

THE COURT: Sir, but the whole thing about it is that the rule says 45-days, and you'd had 45 days' notice. I will hear the motion to transfer venue.

Counsel, you may proceed.

MR. ENRIQUEZ: Okay. May I impose one other objection here that we could hear ahead of the motion? And that's that, while the Court has subject-matter jurisdiction over the case, of course, there's certain requirements in the -- in Rule 86 under which her motion is filed that she has not met.

And until those requirements are met, the

Court really does not even have authority to hear this particular motion.

May I address those points real quick?

THE COURT: Well, I think -- what would that be?

MR. ENRIQUEZ: Well, first of all, her motion is based on a rule she claims is -- that when a party is -- have you got a motion before you?

THE COURT: I just got it.

What I would like to do is I will allow you to make those objections at the time you respond to the motion to transfer venue. So, Mr. Enriquez, you will have that opportunity to state your objections to procedure on the motion to transfer venue, as well as any response you may have to the motion.

Counsel, you may proceed on your motion to transfer venue.

MS. OSAZE-EDIAE: Yes, Your Honor.

The defendants bring this motion for two main reasons.

One, under the Civil Practice & Remedies Code, Section 15.014, there is a mandatory venue provision that says -- and if I may quote it directly, Your Honor. It says -- excuse me, Section 15.019. It says, "An action that occurred while the plaintiff was

housed in a facility operated by or under a contract with TDCJ shall be brought in the county where the facility is located."

The actions that Mr. Enriquez is complaining of, which are that he is being discriminated against at the Michael Unit, racially discriminated against in rehab programs, job assignments, housing assignments, et cetera, all occurred at the Michael Unit.

The Michael Unit is in Tennessee Colony, Texas, which is in Anderson County. Therefore, this case should be in Anderson County and not Travis County.

Secondly, Mr. Enriquez presents no reasons as to why that this litigation lawsuit would fall under the one exception, which is Section 15.014 of the Civil Practice & Remedies Code that states if you're doing an action for mandamus on the head of an agency, then that is brought in Travis County.

He does not meet the requirements of that -- of a mandamus here. He is bringing a civil action suit for discrimination and basically is alleging that the employees, the prison guards in other -- that Michael Unit employees are discriminating against him.

Those actors and the events occurred both at the Michael Unit in Anderson County. So, therefore,

we ask this Court to grant defendant's motion to transfer venue to Anderson County.

THE COURT: All right. Mr. Enriquez, now I will listen to your procedural objections to the motion to transfer venue, as well as your response to that motion.

MR. ENRIQUEZ: May I proceed first on the procedural objection?

THE COURT: Sure.

MR. ENRIQUEZ: Okay. Now, first, I've been to several of these hearings. The problem is, Judge -- that I have, is that office of the Attorney General never quite tells the Court the whole truth and never quite gives the Court the whole law.

Now, Rule 86 is pretty clear. They have to provide the law which is basis of their motion. And here the law that they provide is only partially provided.

The law has three prongs. The first one is that -- the motion, it says that: Their motion shall state that the action shall be transferred to another specific county of proper venue. In this case, they say Anderson County. And they give that.

Now, the reasons they give under the statute is that my cause of action accrued here in

Anderson County. Which, again, it's fine. But they do not tell you -- they only provide -- that's the one section of the law that they quoted. They do not give you the savings clause.

The savings clause of the motion of which -- of the statute on which they relied for a transfer of venue is that -- this is a statute that was added in 1995.

And then Section 10(a) of the savings clause under that statute, which I did not give to you, but which I just read here in the law library, I want to quote it to you.

This act applies only to a cause of action that accrues on or after the effective date of this act. An action that accrued before the effective date of this act is governed by the law applicable to the action as it existed immediately before the effective date of this act and that law is continued in effect for that purpose.

Now, that's very, very clear. This statute applies only to acts that occurred after 1995.

What she does, Judge, is she takes my complaint and somehow miraculously transfers what I said, and it starts on -- she gives -- she cites three pages, 3 to 5. And I mainly state -- on the facts I say

that -- very clear -- Paragraph 8 says, "Plaintiff is of Hispanic extraction and he is currently a prisoner detained by the defendants at the Michael Unit of the TDCJ."

I'm simply stating a fact of why I'm confined. I then proceed and state in Paragraph 9, "Defendant predecessors in the 1970s operated racially segregated prisons in violation of the State and Federal Constitution." That's some 30 years or so before 1995.

And then I go: Nothing in the facts of my complaint -- my complaint is based on a policy that was in existence or that accrued before 1995. That's when this -- when these people authorized their wardens to segregate their races, to discriminate by statute, that's when my cause of action accrued.

THE COURT: Well, let me ask you this --

MR. ENRIQUEZ: And it goes forward.

THE COURT: Let me ask you a question, Mr. Enriquez, just for the Court's -- so that I can follow you.

How long have you been at the unit?

MR. ENRIQUEZ: At this unit, I've been here several -- four times, Your Honor. I was first here in 1987.

Then I returned in 1999, I believe. Then

I was transferred again. And I came back in 2000 or so. Then I was transferred again. I came back here in 2003.

This is not the only unit I'm at. But for the purposes of my complaint, it is a policy -- it is a complaint against the policy.

And for the purposes of the venue motion, everything in my complaint must be accepted as true.

I mean, my cause of action is automatically accepted when it is considered under the venue statute. We can't argue the merits of my cause of action.

What I say here is what governs the decision to make the venue decision. So the statute that she quotes simply, on my pleaded facts, does not apply.

Now, later on if she wants to do something to dismiss that for whatever she reason she might have, that's fine. But she cannot do it on the venue issue. This venue stands or falls on my pleaded facts. Where she filed that motion, they will accept it. And then they must be accepted as true.

Now, so my first procedural point is that the statute does not apply to me, does not apply to this lawsuit. There is nothing in those facts that specifically say that what I'm complaining is about what

happened at the Michael Unit, because the decision to segregate the races, the decision is to discrimination against Hispanics, the decisions of who they hire and did not hire are not necessarily made on this unit. They are made at headquarter, or whoever the people that I sued are located or headquartered.

So, for that very reason, she is asking you to do something that you do not have authority to do. She has not pleaded the fact that she needs to plead in her venue motion to give this Court authority to transfer this case to Anderson County here.

And now, the other thing is that she claims in her motion that I am housed in Anderson County. Well, that's fine.

But just because I'm housed here does not automatically mean that they can use it to get venue in Anderson County.

They first have to do something that they've always tried to avoid to do in these cases, and that's -- if they want to say that I'm housed here, they also have to say that I'm legally housed here. Of course, I'm not saying that I would have had a fair trial or not, but they've got to prove something that I'm lawfully confined here. And by that is just a judgment. They have to at least produce a judgment

saying, Well, we've got him lawfully confined in there, and he's properly there in Anderson County.

Now, they have not done that on this motion -- on this venue motion. They have to be pretty specific as to what they claim.

I am specifically denying that they have a judgment that authorizes them to confine me in the TDC. Now, they may have. And if they have, they should produce it.

But until they produce it, they can't just take advantage of an illegal act to bar a suit in a particular county.

Now, it's a very simple thing to do. You haven't given me the opportunity for discovery. But they have not produced anything to say that I'm lawfully confined here. Just because I'm in TDC doesn't mean it's a fact that I'm here, that I'm here legally, or that they can use it against me. They have to provide you with some proof, and this, they have not done.

The motion for that reason is also defeated because I do not fit the facts that they need to prove to establish that I am legally confined here.

As I said, they don't have to have a new trial, but they do have to have at least a judgment or a sentence or something that says that they're authorized

to hold me here in prison.  Now, that's my second point there.  On the procedural aspects of it.

Do you want to make a decision on that now so I can proceed to the other stuff or --

THE COURT:  No.  Just go to the substance.

MR. ENRIQUEZ:  Okay.  The substance is that -- well, it's pretty basic, really.  My lawsuit has been, as it states there, it's against the policy at TDC that they started before I got here, when I got here in prison, by statute.  They segregated the races.

MS. OSAZE-EDIAE:  Objection, Your Honor.

MR. ENRIQUEZ:  They discriminated against Hispanics.  Wouldn't let them into --

THE COURT:  Hold on, Mr. Enriquez.  I've got an objection.  I need to --

What is your objection?

MS. OSAZE-EDIAE:  My objection is that he's going to the merits of this lawsuit.  This is strictly just for the transfer of venue.

THE COURT:  And that's what I want you to address, Mr. Enriquez.  And perhaps you misunderstood me.

MR. ENRIQUEZ:  Okay.

THE COURT:  I want you to address the substance of the motion to transfer venue, not the

underlying case.

MR. ENRIQUEZ: Well, I guess I'm going to rely on my procedural points because I'm not -- well, I guess the substance would be that they have misrepresented to you that I'm pleading a cause of action which occurred after this 1995. When the truth is, as you can see from my complaint, that my cause -- that I am pleading a cause of action which accrued in 1972, when the statute directed that the segregation of the races, specific discrimination against Hispanics.

So my complaint is that -- my complaint pleads cause of action which accrued long before the statute. That's my merits argument here on this.

And that there's nothing -- of course, there's nothing in these facts suggesting -- I just happen to be here at the Michael Unit, but I'm transferred to several units. I mean, I go from unit to unit whenever they want to move me. So my complaint is systemic over what started years ago and which has not yet been addressed.

Have I made myself clear to you on that point?

THE COURT: Yes, sir.

MR. ENRIQUEZ: Okay.

THE COURT: Okay. Anything else?

MS. OSAZE-EDIAE:  Yes, Your Honor.

MR. ENRIQUEZ:  No, that's all, just the procedurals and that particular point under which I rely for the -- from the pleading that I have made.

And I would like to remind the Court that their motion to transfer venue is not supported by any affidavit or by any supporting documents.  They just have a bare bones claim made not by the defendants themselves, but by their attorney, which I don't think can -- I don't think she can testify or file an affidavit for any facts, except -- I mean, she's the lawyer.  She's not the plaintiff or the defendant.

THE COURT:  All right.

MR. ENRIQUEZ:  And I guess that's it.

THE COURT:  All right.  How do you pronounce it again?

MS. OSAZE-EDIAE:  Osaze-Ediae.  But everyone just calls me Ediae.

THE COURT:  All right.  Ms. Ediae.

MS. OSAZE-EDIAE:  Thank you, Your Honor.

THE COURT:  All right.

MS. OSAZE-EDIAE:  Just briefly, Your Honor, to reply to two of the things that Mr. Enriquez said.

As far as being legally housed with TDCJ,

nothing in the mandatory provision in the Civil Practices & Remedies Code for inmate litigation states that we have to prove whether or not he's legally housed.

The statute, which is mandatory, says that, "In a facility operated by or under contract with TDCJ shall be brought in the county in which the facility is located."

So wherever that plaintiff is housed. It does not go into anything about if he's legally housed there are or anything about his judgment. It's just where he is located and if that action occurred there.

Secondly, Mr. Enriquez just test -- or just put on the record, and I'm not sure -- he didn't testify, but he just put on the record that he's been at the Michael Unit since 2003. So, for nearly a decade all of the discrimination has occurred at the Michael Unit where we are saying this action has occurred.

For things prior to 1960, Mr. Enriquez cannot say for a fact that discrimination is now occurring at those previous units.

It's been nearly 40 years since he's been at the other units that he's alleging. He didn't put any units in his petition.

So we are saying that for the basis of his

complaint that he has personal knowledge of are the actions that have occurred at the Michael Unit. He has been there for nearly a decade. And the Michael Unit is located in Anderson County.

THE COURT: All right.

MR. ENRIQUEZ: Thank you, Your Honor.

**COURT'S ORDER**

THE COURT: Okay. Counsel, and Mr. Enriquez, it appears from Civil Practice & Remedies Code that the legislature intended that any litigation brought by an inmate will be brought in the county in which the facility is located.

And with one exception. And, Mr. Enriquez, you don't fall within that exception.

So the Court will grant the motion to transfer venue.

Do you have --

MR. ENRIQUEZ: One point of information, when did she say that she gave me notice of this or that she provided notice? I missed it. Is that the one in January?

THE COURT: January 16th, I think the Court sent it to you, and then she also provided it to you.

MR. ENRIQUEZ: January 16th, okay. Thank

you.

THE COURT:  Yes.  Yes, sir.

All right.  Do you have an order?

MS. OSAZE-EDIAE:  Yes, Your Honor.

THE COURT:  Let me have that.

And then if you'll send -- yes, if you'll send a file stamped copy too Mr. Enriquez, please.

MR. ENRIQUEZ:  Yes, Your Honor.

THE COURT:  Mr. Enriquez, I have signed an order which sustains or grants the motion to transfer and transferred from Travis County to Anderson County.

And she will file stamp this order and send you a copy.  All right?

MS. OSAZE-EDIAE:  Thank you, Your Honor.

MR. ENRIQUEZ:  Yes, ma'am.

THE COURT:  All right, Mr. Enriquez.  That will take care of it.  You are excused, both of you.

MS. OSAZE-EDIAE:  Thank you, Your Honor.

MR. ENRIQUEZ:  Okay.  Thank you, ma'am.  Goodbye.

THE COURT:  Bye-bye.

(End of Proceedings.)

STATE OF TEXAS )
)
COUNTY OF TRAVIS )

I, Dora M. Canizales, Official Court Reporter in and for the 419th District Court of Travis, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $ 150 and will be paid by the Office of the Attorney General.

WITNESS MY HAND on this the 24th day of November, 2014.

/S/Dora M. Canizales
Dora M. Canizales, CSR #5360
Official Court Reporter
419th District Court
Travis County, Texas
1000 Guadalupe, Room 325
Austin, Texas 78701
Telephone: 512-854-9329
Expiration: 12/31/2015